

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

April 22, 1947

Honorable George B. Butler
Life Insurance Commissioner
and Chairman of the Board of
Insurance Commissioners
Austin 14, Texas    Opinion No. V-153

> Re: Whether new issues of capital
> stock of certain corporations
> which have paid dividends on
> all their older issues of
> stock each year for five years
> are eligible for investment by
> life insurance companies under
> Section 3 of Article 4725, V.C.
> S., and related questions.

Dear Sir:

Your request for advice is as follows:

"Please advise me whether under Section 3, Article 4725, a life insurance company may invest in the newly issued capital stock, representing either increased capital or refunding or substitution of outstanding stock, of a solvent corporation, which has not defaulted in the payment of any of its obligations for a period of five years, and which has paid dividends on all of its stock each year for five years or more, except on the newly issued stock which has not yet reached or passed its dividend paying period.

"Please advise me whether, under the above section, a life insurance company may invest in any of the capital stock of a solvent corporation which has not defaulted in the payment of any of its obligations for a period of five years and which has paid dividends on certain classes (such as preferred) of its stock each year for five years or more but has failed during one or more years within the last five years to pay dividends on certain other classes (such as common stock).

If your answer should be in the affirmative, we assume that the classes of stock meeting the five year dividend payment requirement would be eligible and that classes of stock on which the corporation has defaulted in the payment of dividends within the five year period, would not be eligible for life insurance company investments. Please confirm or correct us as to this."

The first paragraph of Section 3 of Article 4725, V.C.S., with which you are concerned, is as follows:

"Any life insurance Company of the State, for the purpose of investing its capital and surplus or any part thereof, over and above the amount of its reserves, may purchase and hold as collateral security, or otherwise, and sell and convey the capital stock, bonds, bills of exchange or other commercial notes or bills and securities of any solvent dividend paying corporation which has not defaulted in the payment of any of its obligations for a period of five (5) years, the current market value of which such stock, bonds, bills of exchange or other commercial notes or bills and securities shall be at all times during the continuance of such loan at least fifty per cent (50%) more than the sum loaned thereon; provided that no such company shall loan or invest in its own stock, nor more than ten per cent (10%) of the amount of its capital, surplus and contingent funds in the stock of any corporation, and provided further that no such company shall invest any of its funds in any stock on account of which the holders or owners thereof may in any event, be or become liable to any assessment except for taxes, nor in the stock of any oil company or manufacturing company unless such corporation has capital stock of not less than Five Million ($5,000,000) Dollars and unless such corporation has paid dividends for a period of five (5) years and has not defaulted in the payment of any of its debts for a period of five (5) years."

In Opinion No. 0-4295a, rendered under a former Attorney General, the phrase "dividend paying corporation" was construed in connection with investments by other than

life insurance companies, as that phrase is used in Article 4706, V.C.S. The language and object of Article 4706 are similar in most material respects to Article 4725, the main distinction insofar as pertinent to your present particular question being that Article 4725, dealing with life insurance company investments, requires, in addition, that certain corporations shall have paid dividends for a period of five years. In Opinion No. O-4295a, it was held that the particular type of stock in which an investment was to be made must be on a dividend paying basis. That conclusion was reached in answer to a question by your board whether the dividend paying record of the corporation should be based upon the common or upon the preferred stock, or upon other types of stock, or upon a combination of less than all of the classes of stock outstanding.

Following the principles as stated in Opinion No. O-4295a, if the new issue is of a class or type with preference on the earnings of the corporation equal to or higher than a type or class of stock that has the required dividend record, and it has the other qualifications under the statute, it is eligible for investment. No reason appears why such a stock issue should not have the benefit of the dividend paying record of the older issues of the same or a lower class. Your first question is answered in the affirmative.

As to your second question, following the rule as stated in Opinion No. O-4295a, investment may be made in a class or type of stock meeting the five year dividend paying requirement, but investment may not be made in a class or type of stock upon which the corporation has failed during one or more years within the last five years to pay dividends.

## SUMMARY

Under Section 3 of Article 4725, V.C.S., new stock issues of a type or class with preference on the earnings of the corporation equal to or higher than a type or class of stock having the required dividend paying record, other qualifications under the law existing, are eligible for investment by life insurance companies. Opinion No. O-4295a.

Investment may be made under Section 3 of Article 4725, V.C.S., in a class or type of stock having the required dividend paying record, though investment may not be made in another class or type of stock of the same corporation upon which such corporation has failed to pay dividends during any one or more of the past five years.  Opinion No. O-4295a.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ned McDaniel
Assistant

NMc/JMc/mmo

APPROVED APR 23, 1947

ATTORNEY GENERAL